# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Ouriel Lousky,

    Plaintiff

v.

Dean Patti,

    Defendant

Case No.: 2:16-cv-02915-JAD-EJY

**Order Granting Defendant's Motion for Summary Judgment**

[ECF No. 71]

    Ouriel Lousky sues Dean Patti for breach of a contract for the sale of a residential property.[1] Patti moves for summary judgment, arguing that Lousky breached the agreement when he failed to tender the agreed-upon down payment,[2] but Lousky claims that Patti breached first when he refused to equalize the underlying mortgage.[3] Because the relevant contract documents do not reference equalization, I find that Patti did not have a duty to equalize the underlying mortgage. And because Lousky admits that he did not provide the agreed-upon down payment, there is no genuine issue of material fact that he breached the agreement. So I grant Patti summary judgment on Lousky's breach-of-contract claim, and I give Patti ten days to notify the court how he wants to proceed with the remaining claims in the now-consolidated case.

## Background

    This case arose from a failed business transaction for the sale of Patti's residential property to Lousky.[4] The parties agree that the residential purchase agreement and financing addendum supply the final terms of the contract as follows:

---

[1] ECF No. 1 (complaint).

[2] ECF No. 71 (motion for summary judgment).

[3] ECF No. 74 (response).

[4] *See* ECF No. 1.

- A purchase price of $320,000;

- An earnest money deposit of $5,000;

- Close of escrow on October 7, 2016; and

- Seller financing that required Lousky to pay a $45,000 down payment, four years of interest-only payments at 4% of the principal, and a balloon payment for the remaining balance at the end of the five-year term.[5]

Lousky does not dispute that he did not tender the down payment by the close of escrow or any time after.[6] But he sues Patti for breach of contract and asks for specific performance of the sale and declaratory relief.[7] Lousky theorizes that "Patti refused to close after he determined that the balance of his first deed of trust/mortgage was greater than he had thought, a condition that Lousky was not responsible for and was not a condition precedent to the sales contract."[8]

Patti first moved for summary judgment, arguing that Lousky breached the contract by refusing to give the down payment and that the contract didn't require Patti to put the down payment in a trust account to later equalize the underlying mortgage.[9] But I denied that summary-judgment motion because Patti had not met his evidentiary burden as the moving party.[10] The parties then entered into a settlement agreement before Magistrate Judge George

---

[5] *Compare* ECF No. 71 at 2–3 *with* ECF No. 74 at 2–3; *see also* ECF Nos. 71-1 at 4 (financing addendum); 74-1 (letter of intent); 71-3 (Patti's affidavit); 74-2 (Michaeli's Affidavit).

[6] ECF No. 74-2 ("(Mr. Lousky) has over $300,000 in the bank, so obviously the $50,000 down payment is not an issue and [he] is ready[,] willing[,] and able to close this deal with the seller's approval within five days.").

[7] ECF No. 1.

[8] *Id*. at 2.

[9] ECF No. 31.

[10] *See* ECF No. 36.

Foley Jr., but it fell apart.[11] Lousky then moved to enforce the settlement agreement,[12] and Patti filed this motion for summary judgment.[13] Before I could rule on the pending summary-judgment motion, Magistrate Judge Elayna J. Youchah denied the motion to enforce the settlement agreement, finding that Patti's unilateral mistake regarding a material term of the settlement agreement rendered it unenforceable.[14]

## Discussion

### I. Summary-judgment standard

Summary judgment is appropriate when the pleadings and admissible evidence "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[15] When considering summary judgment, the court views all facts and draws all inferences in the light most favorable to the non-moving party.[16] If reasonable minds could differ on material facts, summary judgment is inappropriate because its purpose is to avoid unnecessary trials when the facts are undisputed, and the case must then proceed to the trier of fact.[17]

---

[11] ECF Nos. 49, 52, 53.

[12] ECF No. 53.

[13] ECF No. 71.

[14] ECF No. 73 at 10–11 ("Thus, if the Settlement Memorandum is enforced, Defendant's unilateral mistake would result in a harsh and unreasonable outcome requiring Defendant to pay the entirety of the underlying mortgage in full at the close of escrow contrary to the parties' intent. This outcome is simply not reasonable.").

[15] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)).

[16] *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

[17] *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995); *see also Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

If the moving party satisfies Rule 56 by demonstrating the absence of any genuine issue of material fact, the burden shifts to the party resisting summary judgment to "set forth specific facts showing that there is a genuine issue for trial."[18] The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts"; he "must produce specific evidence, through affidavits or admissible discovery material, to show that" there is a sufficient evidentiary basis on which a reasonable fact-finder could find in his favor.[19]

## II. Breach-of-contract standard

"Breach of contract is the material failure to perform a duty arising under or imposed by agreement."[20] To prevail on a breach-of-contract claim under Nevada law, the plaintiff must show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach.[21] "Generally, a contract is valid and enforceable if there has been an offer and acceptance, meeting of the minds, and consideration.'"[22] "A meeting of the minds exists when the parties have agreed upon the contract's essential terms."[23] Courts must interpret and

---

[18] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Celotex*, 477 U.S. at 323.

[19] *Bank of Am. v. Orr*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted); *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991); *Anderson*, 477 U.S. at 248–49.

[20] *State Dep't of Transportation v. Eighth Judicial Dist. Court*, 402 P.3d 677, 682 (Nev. 2017) (internal quotation mark and citation omitted).

[21] *Richardson v. Jones*, 1 Nev. 405 (Nev. 1865); *Med. Providers Fin. Corp. II v. New Life Centers, L.L.C.*, 818 F. Supp. 2d 1271, 1274 (D. Nev. 2011).

[22] *Tarr v. Narconon Fresh Start*, 72 F. Supp. 3d 1138, 1141 (D. Nev. 2014) (quoting *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005)).

[23] *Isham v. Aranas*, No. 3:16-cv-00696-MMD-WGC, 2019 WL 3269312, at *2 (D. Nev. June 10, 2019), *report and recommendation adopted*, No. 3:16-cv-00696-MMD-WGC, 2019 WL 3280987 (D. Nev. July 18, 2019) (citing *Certified Fire Prot., Inc. v. Precision Constr., Inc.*, 283 P.3d 250, 255 (Nev. 2012)).

enforce contracts as they are written, and they must avoid "interpolat[ing] in a contract what the contract does not contain."[24]

### III. Lousky's failure to tender the agreed-upon down payment constitutes a breach of the residential purchase agreement.

Patti offers two alternative arguments why he is entitled to summary judgment: (1) there was a valid contract that included the terms above and Lousky breached it when he failed to make the $50,000 down payment; and (2) there was no contract because the parties disagree about two essential terms—the existence of a Patti's duty to equalize the underlying mortgage, and when title would pass to Lousky. Lousky agrees that "there is a valid, enforceable contract" but claims that it was Patti who breached because Patti's duty to equalize the underlying debt was implicit in the residential purchase agreement yet Patti refused to pay down that balance.[25] Lousky adds that there is a genuine issue of material fact about the amount of the underlying debt that precludes summary judgment for Patti.[26]

"If there is anything well settled, it is that the party who commits the first breach of a contract cannot maintain an action against the other for a subsequent failure to perform."[27] It is undisputed that Lousky didn't tender the down payment. But Lousky struggles to show that

---

[24] *Id.* at 682–83 (holding that the district court could not interpolate an implied negative easement of visibility into a settlement agreement that did not explicitly restrict or contemplate the department of transportation's ability to build a flyover on the highway that would obstruct the landholder's view).

[25] ECF No. 74 at 10, 12.

[26] *Id.* at 12–13. Lousky also contends that there is a genuine issue of material fact whether Patti authorized Lousky to lease the units in the fourplex, *id.* at 13, but Patti did not move for summary judgment on this ground. *See generally* ECF No. 71. That argument was in Patti's first motion for summary judgment, and it appears that he has abandoned it now. *See* ECF No. 31.

[27] *Bradley v. Nevada-California-Oregon Ry.*, 178 P. 906, 908 (Nev. 1919).

there was a prior breach from Patti that would excuse his own performance.  The contract does not mention the underlying mortgage amount or any obligation on Patti to equalize it.  Neither the residential purchase agreement nor the financing addendum contains language from which I can infer such a duty for Patti.  Lousky also points to nothing in the record from which I can ascertain that the parties contemplated or discussed that residential purchase agreement would include the disputed equalization provision.  While Lousky claims that the settlement agreement supplies the disputed term,[28] Magistrate Judge Youchah already held that the settlement agreement is unenforceable, and Lousky did not object to that ruling.[29]  Because Patti was not contractually obligated to equalize the underlying mortgage, he did not commit a prior breach and Lousky was not excused from performing.  So I find that Lousky cannot prevail on his breach-of-contract claim as a matter of law on this record, and I grant summary judgment in Patti's favor on that claim.

**Conclusion**

**IT IS THEREFORE ORDERED** that the defendant's motion for summary sudgment **[ECF No. 71] is GRANTED.**   Patti is entitled to summary judgment on Lousky's sole claim for breach of contract.

**IT IS FURTHER ORDERED** that Dean Patti and Patti & Sgro, P.C. have until April 10, 2020, to file a notice advising the court if and how they intend to proceed with their claims for conversion, fraudulent or intentional misrepresentation, negligent misrepresentation, unjust

---

[28] ECF No. 74 at 9.

[29] *See* ECF No. 73.

enrichment, negligence per se, and vicarious liability/respondeat superior from the now-consolidated action *Patti & Sgro, P.C., et al., v. Lousky*, Case No. 2:17-cv-1274-JAD-PAL.

Dated: March 20, 2020

_____
U.S. District Judge Jennifer A. Dorsey